# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

ALLAN JOHN LOVE, JR.,

              Plaintiff,

v.

SOCIAL SECURITY,

              Defendant.

**8:19CV387**

**MEMORANDUM
AND ORDER**

Pro se plaintiff Allan John Love, Jr. ("Love") filed a Complaint (Filing No. 1) and a Motion for Leave to Proceed In Forma Pauperis (Filing No. 2). The Court granted Love leave to proceed in forma pauperis ("IFP") and now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Love filed his Complaint on September 5, 2019, using the "Pro Se 13 . . . Complaint for Review of a Social Security . . . Decision" form ("form"), ostensibly seeking review of the Commissioner of Social Security Administration's ("Commissioner") decision on "Disability Insurance Benefits" under Title II of the Social Security Act ("Act"), 42 U.S.C. § 405(g).

The form gives pro se plaintiffs like Love specific directions when drafting their complaint—directions Love did not follow. First, Love merely named "Social Security" as a party in this case, instead of including the full name of the current Commissioner (Andrew Saul) as required. Second, Love incorrectly named Social Security as the plaintiff and Love himself as the defendant.

Finally, Love did not fill out many portions of his Complaint, including (1) when Love received notice that the Commissioner's decision was final; and (2) why this Court

should overturn the Commissioner's decision, that is, what facts the Commissioner found to be true that are not supported by substantial evidence in the record and what legal errors the Commissioner's decision was based on.

## II.    DISCUSSION

In cases involving IFP complaints, 28 U.S.C. § 1915(e)(2) provides "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."   Although the Court must construe pro se complaints liberally, pro se plaintiffs "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which gives "'the defendant fair notice' of the nature and grounds of the claim." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  If a pro se plaintiff does not set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 569-70.

On careful review of Love's Complaint, the Court finds he has not stated a claim under the Act.  Due to the deficiencies noted above, the Court cannot discern any basis for reviewing the Commissioner's decision.  Most importantly, Love has neither provided what facts the Commissioner relied on that are not supported by substantial evidence nor what legal errors the Commissioner made.  Love has not alleged *any* facts to support his claim.

The Court, however, will allow Love until January 13, 2020, to file an amended complaint to address the deficiencies noted here.  There is no need for Love to appear in

court. If Love fails to amend, this case may be dismissed without further notice for failure to state a claim upon which relief may be granted.

Based on the foregoing,

1.    The Order to Show Cause (Filing No. 6) is terminated. The Court will revisit the summons issue if Love files an amended complaint that states a claim upon which relief may be granted.

2.    Love shall have until January 13, 2020, to file an amended complaint that states a claim upon which relief may be granted. Failure to do so may result in this case being dismissed without further notice.

3.    The Clerk of Court is directed to send a copy of the "Pro Se 13 . . . Complaint for Review of a Social Security . . . Decision" form to Love.

4.    The Clerk of Court is directed to set the following case-management deadline: January 13, 2020, check for amended complaint.

Dated this 13th day of December 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge